**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 07-60224-CR-Marra**

**UNITED STATES OF AMERICA**

**vs.**

**LUCAS SEDENO,**

**DEFENDANT.**
______________________________/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Lucas Sedeno ("Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to Count 1 of this Indictment. Count 1 charges Defendant with having been released by the United states District Court for the Southern District of Florida pursuant to Chapter 207 of Title 18, United States Code,Section 3142 *et seq.*, did knowingly and willfully fail to appear before said Court as required by the conditions of his release, in that the defendant failed to appear for Pretrial Services as ordered by this Court on or about August 19,2003, in violation of Title 18, United States Code, Sections 3146(a)(i),3146(b)(1)(A)(ii) and 3146(b)(2).

2. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that,

under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1, and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. Defendant also understands and acknowledges that, as to Count 1, the Court may impose a statutory maximum term of up to 5 years' imprisonment, followed by a term of supervised release of 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

4. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment will be imposed on the Defendant in the amount of $100 upon conviction of Count 1. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense

committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment. This Office agrees not not oppose a request that the sentence in this case be run concurrently with any sentence imposed in Case no 03-60200-CR-Marra.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the Defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a

state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

8. Defendant agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any personal property used or intended to be used in the commission of the offense, in violation of 21 U.S.C. § 952(a), and any property constituting, or derived from, proceeds Defendant obtained directly or indirectly, as the result of such violation(s), pursuant to 21 U.S.C. § 853. Defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to any forfeited property. In addition, Defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings brought against any forfeited property. Defendant also agrees to waive any appeal of the forfeiture.

9. Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offense, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

10. This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 6/8/21 By: ______________________
THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY

Date: 6/7/21 By: ______________________
PETER BIRCH
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 5/27/21 By: ______________________
LUCAS SEDENO
DEFENDANT